IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMIE HINSHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-277-D |
| | ) |
| DOLGEN CORP, LLC, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is the Motion for Summary Judgment of Defendant Dolgen Corp, LLC [Doc. No. 21],[1] filed pursuant to Fed. R. Civ. P. 56 and LR 56.1. Plaintiff Jamie Hinshaw has responded in opposition to the Motion, which is fully briefed and at issue.[2]

Plaintiff seeks damages for personal injuries allegedly suffered when she fell in a Dollar General store in Yukon, Oklahoma. She claims that Defendant's employees were negligent in failing to maintain a floor mat inside the front entrance of the retail store, thus creating a hazardous condition for patrons. By its Motion, Defendant seeks judgment in its favor as a matter of law on the grounds that it had no duty to warn Plaintiff of an open and obvious condition, and that it did not have actual or constructive notice of the condition in time to correct or warn of it. Plaintiff contends

---

[1] Despite Plaintiff's effort to correct a misnomer in her original pleading, there is still some confusion regarding Defendant's name. The Motion refers to the entity as "Dolgencorp, Inc." The Court utilizes the name that appears in the Amended Complaint [Doc. No. 39].

[2] In addition to Plaintiff's response brief [Doc. No. 33], and Defendant's reply brief [Doc. No. 34], the parties have been permitted to file additional briefs. Accordingly, the Court has also considered Plaintiff's supplemental brief [Doc. No. 41], Defendant's objection thereto [Doc. No. 42] and Defendant's supplemental authority [Doc. No. 51].

genuine disputes of material facts exist, including whether a store employee should have known that the floor mat had become wrinkled and presented a tripping hazard.

## Standard of Decision

Summary judgment is proper "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id.* at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Id.* If a party who would bear the burden of proof at trial lacks evidence on an essential element of a claim, then all other factual issues concerning the claim become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex*, 477 U.S. at 322-23. If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see also* Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials, but may consider other materials in the record." *See* Fed. R. Civ. P. 56(c)(3); *see also Adler*, 144 F.3d at 672. The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission

to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## Undisputed Facts

Plaintiff was a customer of the Dollar General store at 9825 S.W. 15th Street in Yukon on October 30, 2010. At approximately noon, Plaintiff finalized her purchase and proceeded to walk toward the main door to exit the building. Plaintiff has testified that, as she approached the door, she tripped on a floor mat laying inside the building, and fell to the tile floor. According to Plaintiff's testimony, she first saw when she got up from the floor after her fall, that the mat was wrinkled and a portion was elevated above floor level. Based on this observation, Plaintiff concluded that the wrinkled condition of the floor mat had caused her to trip and fall.

The only eyewitness to Plaintiff's fall was a store employee, Diana Scarboro, who was standing within a few feet of the mat. Ms. Scarboro was working as a sales associate or cashier at the time, and completed the sale to Plaintiff immediately before the incident. Ms. Scarboro has testified that there was nothing wrong with the floor mat and that Plaintiff fell in the area of the cash register, several feet away from the mat. Another employee, Evelyne Johnson, was the manager on duty at the time of the incident. She has testified that she responded to the area after Plaintiff fell, and saw nothing wrong with the floor mat. She also stated there was nothing wrong with the mat when she reported to work at 10:00 A.M. that day, and there had been no report of a problem.

The door where the mat was located is the only means of entry or exit for customers; customers were required to cross the mat to walk through the doorway. Store employees, including Ms. Scarboro, were trained to ensure that the floor mat at the entryway remained flat because a wrinkled mat can present a tripping hazard. Ms. Scarboro has testified that she looked at the floor mat before Plaintiff's fall and did not see a wrinkled condition.

Plaintiff actually entered and exited the store twice on the date of her fall, walking over the same floor mat wearing flip-flops. She first purchased cleaning supplies and took the items to her car. Plaintiff then immediately returned to the store to buy some Halloween merchandise that was on sale. By her estimate, Plaintiff was inside the store for about 15 minutes during her second visit. Plaintiff completed both purchases using the same check-out lane, and she did not notice any wrinkle in the floor mat before she fell.

Plaintiff did not inform Defendant's employees at the time of the incident that she had tripped on the floor mat or that she was injured. She returned to the store and completed a customer incident report on November 3, 2010. In her own handwriting and words, Plaintiff stated she "slipped or tripped on something," and as to the cause of the accident, she stated simply, "don't know." *See* Def.'s Mot. Summ. J., Ex. 2 [Doc. No. 21-2].

The incident was captured on a videotape recording that is routinely made of store activity. The videotape depicted Plaintiff's fall, the location of her fall, the floor mat that allegedly caused it, and the condition of the mat before and after the fall. The videotape also would have shown the activity of others surrounding the fall, including the flow of customers entering and exiting through the doorway. Defendant did not preserve the videotape but allowed it to be overwritten, which usually occurs within 14 days of the recording. Plaintiff's former attorney requested that it be preserved by letter dated December 14, 2010. With Plaintiff's response to Defendant's Motion, she has submitted her own affidavit stating that she was informed when she went to the Dollar General store on November 3, 2010, that there was a video of the incident, and that she "saw the video." *See* Pl's Resp. Br., Ex. 2 [Doc. No. 33-2], ¶ 2. She does not state what the video showed. Ms. Johnson has also testified that she saw the video, but she did not take action to preserve it because she did not "have permission to touch any of the equipment." *See* Johnson Dep. 9:6-13.

4

**Discussion**

A.  **Spoliation of Evidence**

Plaintiff seeks the benefit of an adverse inference that may be drawn from Defendant's destruction of evidence that could prove her case, namely, the videotape recording. Plaintiff asserts that Defendant had a duty to preserve this important evidence – which was triggered by her report of the incident and notice of her injury on November 3, 2010 – and that the jury may infer from Defendant's failure to retain a copy of the recording that it would have been favorable to her.

Under Oklahoma law, "[s]poliation occurs when evidence relevant to prospective civil litigation is destroyed, adversely affecting the ability of a litigant to prove his or her claim." *Patel v. OMH Medical Center, Inc*., 987 P.2d 1185, 1202 (Okla. 1999). However, "an adverse presumption that follows the destruction or spoliation of evidence 'arises only in cases of willful destruction [or] suppression.'" *See Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 864 (10th Cir. 2005) (quoting *Beverly v. Wal-Mart Stores, Inc*., 3 P.3d 163, 165 (Okla. Civ. App. 1999)); *see also Harrill v. Penn*, 273 P. 235, 237 (Okla. 1927) ("The willful destruction, suppression, alteration or fabrication of documentary evidence properly gives rise to the presumption that the documents, if produced, would be injurious to the one who has thus hindered the investigation of the facts."). Here, Plaintiff presents no fact or evidence to establish that Defendant willfully destroyed the videotape.

Further, "a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent." *Burlington N. & Santa Fe Ry. Co*., 505 F.3d 1013, 1032 (10th Cir. 2007) (citing *103 Investors I, L.P. v. Square D Co*., 470 F.3d 985, 989 (10th Cir. 2006)); *see Barnett v. Simmons*, 197 P.3d 12, 20 (Okla. 2008) ("duty to preserve material evidence arises when a party reasonably should know that the evidence may be relevant to anticipated litigation"). Defendant did

5

not reasonably know from Plaintiff's reporting that she slipped or tripped on something and did not know the cause, that litigation was imminent or anticipated. By the time Plaintiff's attorney wrote to Defendant in December, 2010, it was too late to preserve the videotape. Under these circumstances, the Court finds that Plaintiff has failed to justify an adverse inference that the videotape would have shown negligence by Defendant.

**B.     Negligence**

Under Oklahoma law, a business owner owes a duty to its invitees or customers to exercise ordinary care in keeping parts of the premises used by customers in a reasonably safe condition and to warn customers of dangerous conditions on the premises that are known or should be known to the owner. *See Brown v. Wal-Mart Stores, Inc.*, 11 F.3d 1559, 1563 (10th Cir. 1993); *Pickens v. Tulsa Metropolitan Ministry*, 951 P.2d. 1079, 1083-84 (Okla. 1997). A business owner cannot be held liable "unless it be shown that he/she had notice or could be charged with gaining knowledge of the condition in time sufficient to effect its removal or to give warning of its presence." *Rogers v. Hennessee*, 602 P.2d 1033, 1035 (Okla. 1979). The requisite notice may be actual or constructive; constructive notice might arise from proof that a condition had existed for a sufficient length of time that the owner should have discovered it or from proof that the owner had failed adequately to inspect the premises for dangers known to arise. *Id*. at 1035-36. However, "the law does not require that the landowner protect the invitee against dangers which are so apparent and readily observable that one would reasonably expect them to be discovered." *Pickens*, 951 P.2d. at 1083-84. Thus, a store owner need not protect against "open and obvious" hazards; a customer assumes "normal and ordinary risks attendant upon use of the premises, and the owner . . . is not liable for injury to a [customer] resulting from a danger which was obvious or should have been observed in the exercise

of ordinary care." *Williams v. Tulsa Motels*, 958 P.2d 1282, 1284 (Okla. 1998) (internal quotation omitted); *see Rogers*, 602 P.2d at 1034.

In this case, Plaintiff contends the store employees were negligent in allowing the floor mat to remain in a wrinkled condition that presented a tripping hazard in a heavily trafficked area. Plaintiff argues in opposition to summary judgment that the facts and evidence permit a reasonable inference that the elevated corner of the floor mat was not open and obvious because no one noticed it until Plaintiff tripped on it, assuming her testimony is believed. Even under this view of the event, however, Plaintiff has come forward with no facts or evidence to suggest that Defendant's employees had either actual or constructive knowledge of a wrinkle in the floor mat in time to avert the danger.

The undisputed facts are that Plaintiff and other customers entering and exiting the Dollar General store passed safely over the floor mat throughout the morning before Plaintiff's fall. Within 15 minutes before the fall, Plaintiff had walked over the same mat without incident. Ms. Scarboro was present within a few feet of the mat, and she was trained to look for tripping hazards such as wrinkled floor mats. The evidence is undisputed, however, that Ms. Scarboro did not have actual notice of a wrinkle in the floor mat before Plaintiff's fall, and Plaintiff provides no facts from which constructive notice can be inferred. Here, as in *Rogers*, which involved a puddle of water, the hazard may have arisen "only moments before [Plaintiff] stepped into it." *Rogers*, 602 P.2d at 1035. Simply stated, there is "*no* evidence tending to show that at the critical time and place the Owner had knowledge, actual or constructive, of the offending defect or was negligent in failing to discover it." *Rogers*, 602 P.2d at 1036 (emphasis in original). In this situation, a negligence action against the premises owner may properly be withdrawn from jury consideration. *Id.*

In short, Plaintiff has pointed to no fact or evidence in the summary judgment record that demonstrates a genuine issue concerning the notice element of her claim. Thus, the Court finds that Plaintiff has failed to present sufficient facts to support a reasonable inference that a wrinkle in the floor mat (assuming it existed) gave rise to an unperformed duty of Defendant or its employees. Therefore, Defendant is entitled to summary judgment in its favor on Plaintiff's negligence claim.

## Conclusion

For these reasons, the Court finds that Defendant is entitled to judgment as a matter of law because Plaintiff has failed to make a sufficient showing on an essential element of her negligence claim.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Doc. No. 21] is GRANTED. Judgment will be entered accordingly.

IT IS SO ORDERED this 11th day of October, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE